```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRYAN JAMES, et al.,                                        :
                                        Plaintiffs,         :
                                                            :           18 Civ. 455 (LGS)
                    -against-                               :
                                                            :                 ORDER
CHINA GRILL MANAGEMENT, INC., et al.,                       :
                                        Defendants.         :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/2019

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 24, 2018, the Parties entered into a Settlement Agreement and Release (the "Settlement" or "Agreement").  Under the terms of the Settlement, Defendants will pay a gross settlement amount of $1,220,000 into a common fund.  The parties moved for preliminary approval of the Settlement on October 5, 2018.

WHEREAS, on December 11, 2018, the Court entered an Order (the "Preliminary Approval Order") preliminarily approving the Settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the Class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing RUST Consulting as Settlement Administrator, and authorizing notice to all Class Members;

WHEREAS, on March 27, 2019, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval").  That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards").  The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

1

WHEREAS, the Court held a fairness hearing on April 11, 2019.  No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval and the supporting declarations, the oral argument presented at the April 11, 2019, fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the April 11, 2019, fairness hearing, and for good cause shown, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiffs Bryan James, Miguel Ballinas, Kim Kramer and Christopher Rosado[1] as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil

---

[1] Plaintiffs Michelle Alvord and Jonathan Gagne filed a stipulation of dismissal on October 5, 2018.

Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

8. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the Settlement as set forth therein. The Court finds that the Settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

9. The Court finds that the Settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10. The Settlement is also substantively fair. All of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. The Court finds that the Settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the total settlement amount is within the range of

reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

11.     The Court also finds that the Class's reaction to the Settlement was positive. No Class Member objected to the settlement, and no Class Member opted out.

12.     The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

13.     The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice. Neither party to this Litigation is or shall be considered a prevailing party.

14.     The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.

15.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement, which are incorporated herein, and this Order.

16.     Within thirty (30) calendar days following the issuance of all settlement payments to Class Members, the parties shall jointly file on ECF an accounting which shall detail how the monies in the settlement fund were spent (i.e., how much went to claimants, to counsel, to the Settlement Administrator, etc.). The accounting shall detail how the funds allocable to those

Class Members who could not be contacted were distributed.

17. The Court's Order regarding Plaintiffs' Motion for Attorneys' Fees and Motion for Service Awards will issue in a separate order.

18. By **May 1, 2019**, Class Counsel shall refile any materials that were improperly redacted without leave of Court, including Exhibit A to the March 27, 2019, Declaration of C.K. Lee (Dkt. No. 105-1).  Any party seeking to file materials in redacted form or wholly under seal shall follow the procedures set forth in Individual Rule I.C.3.

Dated: April 29, 2019
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**LORNA G. SCHOFIELD**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**