```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRYAN JAMES, et al.,                                        :
                                        Plaintiffs,         :
                                                            :
                -against-                                   :
                                                            :
CHINA GRILL MANAGEMENT, INC., et al.,                       :
                                        Defendants.         :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2019

18 Civ. 455 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

This is a class and collective action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL"). On April 29, 2019, the Court granted final approval of the parties' settlement agreement, which creates a settlement fund of $1,220,000 (the "Settlement Fund"). Class Counsel moves for attorneys' fees, reimbursement of litigation expenses, settlement administration expenses and incentive awards for the named plaintiffs. For the reasons discussed herein, the Court awards Class Counsel attorneys' fees of $366,000, equivalent to 30% of the Settlement Fund. The Court also awards $3,167.12 in litigation expenses, $37,080 in settlement administration expenses and $5,000 incentive awards for each of the named plaintiffs.

I.  **STANDARD**

In a Rule 23 class action, the "attorneys whose efforts created the fund are entitled to a reasonable fee -- set by the court -- to be taken from the fund." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). "What constitutes a reasonable fee is properly committed to the sound discretion of the district court . . . and will not be overturned absent an abuse of discretion . . . ." *Id.* (citations omitted). In evaluating a proposed fee, a court must heed the factors set forth in *Goldberger*: "(1) the time and labor expended by counsel; (2) the magnitude

and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id.* at 50 (alterations omitted).

The Second Circuit has approved the use of two methods to calculate attorneys' fees: the "lodestar" method and the "percentage of the fund" method. *See id.* at 47. Under the lodestar method, the court multiplies the reasonable hours billed by a reasonable hourly rate, then adjusts the award based on factors such as the risk of the litigation and the performance of the attorneys. *See id.* Under the percentage of the fund method, the fee is a reasonable percentage of the total value of the settlement fund created for the class. *See id.* The percentage method is adopted in this case, as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *see also In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 347–48 (S.D.N.Y. 2014) (comparing the lodestar and percentage methods); *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage method is the trend in the Second Circuit). Nevertheless, the lodestar remains useful as a "cross check on the reasonableness of the requested percentage." *Goldberger*, 209 F.3d at 50 (internal quotation marks omitted).

## II. DISCUSSION

### A. Attorneys' Fees

Class Counsel moves for attorneys' fees in the amount of $406,666.66 -- equivalent to one-third of the Settlement Fund. In applying the *Goldberger* factors, this opinion adopts the three-step approach set forth in *Colgate-Palmolive*. The first step is to determine a baseline reasonable fee by reference to other common fund settlements of a similar size, complexity and

subject matter. *Colgate-Palmolive*, 36 F. Supp. 3d at 348. This step considers three of the *Goldberger* factors -- the requested fee in relation to the settlement, the magnitude and complexity of the case, and the policy consideration of avoiding a windfall to class counsel. *Id*. The second step is to make any necessary adjustments to the baseline fee based on the *Goldberger* factors of risk, quality of representation and other public policy concerns. *Id*. The third step is to apply the lodestar method as a cross-check, which addresses the final *Goldberger* factor of the time and labor expended by counsel. *Id*. Based on this analysis, a reasonable baseline fee in this case is 30% of the Settlement Fund, which requires no further adjustment.

### 1. Comparison to Court-Approved Fees in Other Class Action Settlements

In using the percentage of the fund approach, the critical *Goldberger* factor is the size of the requested fee in relation to the settlement. *See Colgate-Palmolive*, 36 F. Supp. 3d at 348. Accordingly, the first step is to determine a baseline reasonable fee by looking to other common fund settlements of a similar size, complexity and subject matter. In conducting this assessment, a "sliding scale" approach -- awarding a smaller percentage for fees as the size of the settlement fund increases -- is appropriate. *See Wal-Mart*, 396 F.3d at 122–23 ("Recognizing that economies of scale could cause windfalls in common fund cases, courts have traditionally awarded fees for common fund cases in the lower range of what is reasonable."); *Goldberger*, 209 F.3d at 52 (noting that it is not "ten times as difficult to prepare, and try or settle a 10 million dollar case as it is to try a 1 million dollar case").

Historical data of fees awarded in common fund cases provide an unbiased and useful reference for comparing fees cases of similar magnitude as a starting point for the sliding scale. Professor Brian T. Fitzpatrick's 2010 empirical study examined data from 688 class action settlements in 2006 and 2007. *See* Brian T. Fitzpatrick, *An Empirical Study of Class Action*

3

*Settlements and Their Fee Awards*, 7 J. EMPIRICAL LEGAL STUD. 811, 839 (2010) ("Fitzpatrick"). Fitzpatrick divided the cases into ten ranges of recovery (deciles) based on the amount of the settlement, and then calculated the mean and median fee percent, as well as the standard deviation. *See id.* at 839. The $1.22 million settlement in this case is in the second decile of cases; in that decile, the median fee was 30% with a standard deviation of 6.2%. *See id.* This accords with a more recent study of class action settlements from 2009 to 2013, which found that cases with recoveries between $750,000 and $1.4 million had a median fee of approximately 29%. *See* Theodore Eisenberg, et al., *Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. L. REV. 938, 948 (2017). Regarding fee awards in wage and hour cases, the study found that the mean fee in "high risk" FLSA cases was 30.41%, while the mean fee in "low/medium risk" FLSA cases was 29.99%. *See id.* at 959. Accordingly, a reasonable baseline fee for a FLSA case of this size is 30%.

### 2. Consideration of Risk, Result and Policy Considerations

Regarding litigation risk, there is no evidence that the risks in this action were significantly greater than those in cases of a similar size, complexity and subject matter. Although Class Counsel undertook some risk in accepting the case on a contingency basis, this arrangement is common in wage and hour cases and does not warrant an adjustment to the baseline fee. *See McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 386–87 (S.D.N.Y. 2017) (no adjustment to baseline fee notwithstanding counsel litigating the case on a contingency basis). *See generally Goldberger*, 209 F.3d at 53 (risk does "not always compel enhanced fees," particularly where doing so would lead to overcompensation).

Nor does quality of representation warrant an adjustment to the baseline fee. Although the $1.22 million settlement represents 16% of total estimated damages, exclusive of liquidated

damages, there is no reason for the Court to conclude that this result is so exceptional as to warrant an increase in the baseline percentage. *See Goldberger*, 209 F.3d at 55 (stating that "the quality of representation is best measured by results").

Finally, while it is true that wage and hour class actions have substantial social and economic value, no particular public policy concern differentiates this case from other cases of a similar size, complexity and subject matter. Thus a deviation from the baseline fee is not warranted on the basis of public policy considerations.

### 3. The Lodestar Cross-Check

The last step of the analysis is to cross-check the fee award against the lodestar multiplier. The lodestar multiplier is calculated by dividing the fee award by the lodestar (the reasonable hours billed multiplied by a reasonable hourly rate). Here, a fee award equivalent to 30% of the settlement fund represents a lodestar multiplier of approximately 3.53. Although the multiplier is slightly higher than what is typically awarded in FLSA cases, *see Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."), it is reasonable given this case's size and complexity. *See Ceka v. PBM/CMSI Inc.*, No. 12 Civ. 1711, 2014 WL 6812127, at *1 (S.D.N.Y. Dec. 2, 2014) (approving 3.36 multiplier in $500,000 FLSA settlement); *Pena v. Le Cirque, Inc.*, No. 14 Civ. 7541, Dkt. Nos. 45 & 46 (approving 4.9 multiplier in $1.1 million FLSA settlement).

### B. Litigation and Settlement Administration Expenses

Class Counsel moves for reimbursement of $3,167.12 in litigation expenses incurred in connection with this action. This figure is comprised of filing fees ($400.00) and mediation fees ($2,767.12). These amounts are reasonable, and courts routinely award such costs. *See Fleisher*

*v. Phoenix Life Ins. Co.*, Nos. 11 Civ. 8405, 14 Civ. 8714, 2015 WL 10847814, at *23 (S.D.N.Y. Sept. 9, 2015). Likewise, Class Counsel's request for $37,080 to be paid to the Settlement Administrator is granted as reasonable.

### C. Incentive Awards

An incentive award may be given to compensate named plaintiffs for efforts expended "for the benefit of the lawsuit." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 Civ. 5450, 2018 WL 3863445, at *2 (S.D.N.Y. Aug. 14, 2018). Class Counsel requests an incentive award of $10,000 for each of the four named plaintiffs to compensate them for their efforts and personal time spent advancing the litigation on behalf of the Class.

At the final fairness hearing, the Court directed the named plaintiffs to submit affidavits setting forth how much time they spent working on the case. The Court advised Class Counsel that the affidavits should not be identical, but rather should detail the specific work performed and particular circumstances of each named plaintiff.

The affidavits submitted by the named plaintiffs are substantially identical and do not set forth the amount of time spent on the litigation. Although the affidavits state that the named plaintiffs provided various documents and information, communicated with counsel and participated in mediation, this is not sufficient to warrant $10,000 incentive awards. Nevertheless, in recognition of the risks involved in being a named plaintiff in a wage and hour class action, the Court authorizes incentive awards of $5,000 for each of the named plaintiffs, which is consistent with incentive awards authorized in similar cases in this Circuit. *E.g.*, *Cruz v. Sal-Mark Restaurant Corp.*, No. 17 Civ. 815, 2019 WL 355334, at *8 (N.D.N.Y. Jan. 28, 2019); *Weston v. TechSol, LLC*, No. 17 Civ. 141, 2018 WL 4693527, at *5 (E.D.N.Y. Sept. 26,

2018); *Siddiky v. Union Square Hospitality Grp., LLC*, No. 15 Civ. 9705, 2017 WL 2198158, at *8 (S.D.N.Y. May 17, 2017).

### III. CONCLUSION

For the foregoing reasons, Class Counsel is awarded attorneys' fees of $366,000, which is equivalent to 30% of the Settlement Fund. The Court also awards $3,167.12 in litigation expenses, $37,080 in settlement administration expenses and $5,000 incentive awards for each of the named plaintiffs. Funds for litigation expenses and settlement administration expenses may be disbursed immediately. The attorneys' fees award and incentive awards shall be disbursed when the distribution of the Settlement Fund to the Class has been substantially completed.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 98, 101 and 103.

Dated: April 30, 2019
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE